IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0633-04






EARL OWEN BITTERMAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY





 Keller, P.J., filed a dissenting opinion.



 Despite appellant's failure to object at trial, the Court holds that he preserved his complaint
because, "Even if the Appellant had objected at the time of the breach of the plea agreement, the
error could not have been cured by the trial judge at that time because the prosecutor's
recommendation was already before the judge to consider." (1) 

 But the error could have been cured: the trial court could have granted deferred adjudication. 
It doesn't matter that the trial court might not have cured the error, because that is true in every case
in which a party objects. Curing the error here would have required giving appellant more than he
was entitled to - granting deferred adjudication rather than just considering it. But otherwise, this
case is no different from any other case in which the trial court could have, but not necessarily would
have, fixed a problem upon a timely objection.

 Moreover, appellant complains of several comments by the prosecutor. It is not clear to me
which of these the Court believes violated the plea agreement. The prosecutor's first reference to
deferred adjudication seems to have been during cross-examination of appellant's witnesses. The
prosecutor questioned these witnesses about whether appellant deserved deferred adjudication, and
then called appellant's counselor to testify against granting deferred adjudication. After that, the
prosecutor recommended that the trial court sentence appellant to five years of incarceration. An
objection the first time the prosecutor questioned appellant's suitability for deferred adjudication
could have kept out all of the damaging evidence and argument. The "incurable" argument might
never have occurred had counsel lodged a prompt objection.

 For these reasons, I respectfully dissent.

 KELLER, P.J.

Publish

Date delivered: December 7, 2005





 
1. Bitterman v. State, ___ S.W.3d ____ (Tex. Crim. App. delivered December 7,
2005)(slip opinion at p. 7).